UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHARLES WALTER WEBER,

               Petitioner,

       v.

STEPHEN SINCLAIR,

               Respondent.

NO.  CV-09-5087-EFS

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS**

    Before the Court is Petitioner Charles Walter Weber's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("the petition").  (Ct. Rec. 9.)  Mr. Weber claims habeas relief is appropriate because he was prejudiced by trial counsel's ineffective assistance.[1]  Petitioner Stephen Sinclair opposes the petition, arguing that Mr. Weber failed to exhaust five of his seven ineffective assistance

---

    [1]  An evidentiary hearing is not required because Mr. Weber's ineffective assistance of counsel claims may be determined by reference to the state court record given that the exhausted claims do not rely upon a new rule of constitutional law or a newly-discovered factual predicate.  *See* 28 U.S.C. § 2254(e)(2) (1996); *Hendricks v. Vasquez*, 974 F.2d 1099, 1102 (9th Cir. 1992).

ORDER ~ 1

of counsel claims and the remaining two claims do not afford relief. After reviewing the Petition, the response, and the state court record, the Court is fully informed. For the reasons given below, the Court denies the petition.

**A.   Factual Background**

Mr. Weber is serving a life sentence as a result of the herein challenged assault-in-the-second-degree conviction, which served as a "third strike."   The assault charge arose out of a fight between Mr. Weber and another inmate, Mark Holt, while they were incarcerated at a Washington state penitentiary.   Notwithstanding the self-defense jury instruction, the jury found Mr. Weber guilty.

Mr. Weber filed a direct appeal of his conviction with the Washington Court of Appeals in which he argued that 1) he was denied effective assistance of counsel because his trial counsel failed to interview a) a known potential-witness, Jermine Mercado, and b) the prison officer in the west control booth, who had a vantage point to confirm a portion of Mr. Weber's version of the incident, 2) his prior offenses must have been proven to a jury beyond a reasonable doubt in order to support the life sentence, and 3) the injuries that Mr. Holt sustained did not constitute substantial bodily harm.   The Court of Appeals affirmed the conviction, while ruling, as a matter of first impression, that the defense of consent does not apply to an assault on a fellow inmate.   Mr. Weber sought review by the Washington Supreme Court; review was denied.

Thereafter, Mr. Weber filed a Personal Restraint Petition, arguing that trial counsel 1) failed to interview Mr. Mercado and the prison

officer in the west control booth and 2) failed to request a consent-defense jury instruction.  The Washington Court of Appeals denied relief.  Mr. Weber then sought relief from the Washington Supreme Court, which took no action.  The Court of Appeals decision became final on December 28, 2009.

**B.   Legal Authority and Analysis**

A person in custody pursuant to a state court judgment can request that a federal court determine if his custody violates the U.S. Constitution pursuant to 28 U.S.C. § 2254.  One requirement, however, is that the petitioner must exhaust his remedies available in state court. *Id.* § 2254(b)(1).  The Court finds that Mr. Weber failed to present five[2] of his seven ineffective-assistance-of-counsel claims to the Washington Supreme Court.  As a result, these claims are unexhausted.  *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994) ("To exhaust remedies, petitioner must present each of his claims to the state's highest court.").  They are also procedurally barred under Washington law under RCW 10.73.090, RCW 10.73.140, and Washington Rule of Appellate Procedure 16.4(d), and

---

[2]   The five unexhausted ineffective-assistance-of-counsel claims are: 1) trial counsel failed to join Mr. Weber's trial with his other cellmates' trials, 2) in addition to Mr. Mercado and the prison officer in the west control booth, trial counsel failed to interview anyone other than Mr. Holt, 3) trial counsel failed to interview Daven Nysta, 4) trial counsel improperly submitted a self-defense jury instruction rather than a consent instruction, and 5) trial counsel failed to investigate whether the victim's testimony was coerced.

ORDER ~ 3

1    Mr. Weber has failed to establish that a fundamental miscarriage of
2    justice would occur if he is not allowed to proceed on the procedurally-
3    defaulted claims.   Therefore, the Court will not consider these five
4    claims.

5        The Court turns to the two exhausted ineffective assistance of
6    counsel claims: trial counsel's failure to interview 1) Mr. Mercado and
7    2) the prison officer in the west control booth.  To succeed, Mr. Weber
8    must show that the state court decision 1) was contrary to, or involved
9    an unreasonable application of clearly-established federal law or 2)
10   resulted in a decision that was based on an unreasonable determination
11   of the facts in light of the evidence presented in the state court
12   proceedings.  *Id.* § 2254(d).  The state court ruling is presumed correct,
13   and the petitioner has the burden of rebutting the presumption of
14   correctness by clear and convincing evidence.  *Id.* § 2254(e)(1); *McKenzie*
15   *v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994).

16       Because the Washington Court of Appeals' decision on Mr. Weber's
17   personal restraint petition was the last reasoned decision on this
18   matter, the Court reviews this decision.  *See Avila v. Galaza*, 297 F.3d
19   911, 918 (9th Cir. 2002).  There is no assertion that the Washington
20   Court of Appeals failed to apply clearly-established federal law.
21   Therefore, the issue is whether the Washington Court of Appeals
22   unreasonably applied the clearly-established ineffective-assistance-of-
23   counsel law to the facts of the case.

24       The right to effective assistance of counsel in criminal proceedings
25   is bestowed by the Sixth Amendment.  This right is violated when 1)
26   counsel's performance fell below an objective standard of reasonableness

and 2) the criminal defendant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This is a high standard for the criminal defendant as a court is to be highly deferential to counsel's chosen performance. *Strickland*, 466 U.S. at 689; *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998). Counsel's decisions are "examined according to what was known and reasonable at the time the attorney made his choices." *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995). A criminal defendant is prejudiced if there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Although the Court is disturbed by trial counsel's failure to interview Mr. Mercado and the prison officer, *see Riley v. Payne*, 352 F.3d 1313, 1324 (9th Cir. 2003) (holding that, under clear-established Supreme Court law, when defense counsel failed to contact a potential witness, counsel could not "be presumed to have made an informed tactical decision" not to call that person as a witness), the Court concludes that Mr. Weber was not prejudiced by these failures given Mr. Weber's testimony and the undisputed physical evidence. Mr. Weber testified that as soon as Mr. Holt entered Mr. Weber's cell he punched him twice in the face. Accordingly, even assuming as true that 1) Mr. Mercado would testify that he overheard Mr. Weber and Mr. Holt discuss earlier that day that they would fight each other, and 2) the prison officer in the control booth would testify that Mr. Holt walked to Mr. Weber's cell by himself, this does not discount Mr. Weber's testimony that he punched Mr. Holt in the face twice before Mr. Holt even attempted to physically

1  harm Mr. Weber.  Therefore, the jury reasonably determined that Mr. Weber

2  was the aggressor and did not act in self-defense.  Further, the

3  photographs of the blood and the location of Mr. Holt's injuries do not

4  support Mr. Weber's testimony relating to where the fight occurred.

5  Given the undisputed physical evidence and Mr. Weber's testimony, the

6  Court concludes Mr. Weber has not shown that "but for counsel's

7  unprofessional errors, the result would have been different:" the

8  "confidence in the outcome" of the trial is not undermined by trial

9  counsel's failures." *Strickland*, 466 U.S. at 694.

10       For the above-explained reasons, **IT IS HEREBY ORDERED**:

11       1.   Petitioner Weber's Petition Under 28 U.S.C. § 2254 for Writ of

12  Habeas Corpus by a Person in State Custody **(Ct. Rec. 9)** is **DENIED**.

13       2.   **Judgment** shall be entered in Respondent's favor with

14  prejudice.

15       3.   This file is **CLOSED**.

16       **IT IS SO ORDERED.**  The District Court Executive is directed to enter

17  this Order and provide copies of the Order and Judgment to counsel and

18  Petitioner Weber.

19       **DATED** this ___30th___ day of April 2010.

20

21       _____S/ Edward F. Shea_____

22                          EDWARD F. SHEA
                      United States District Judge
23  Q:\Civil\2009\5087.deny.habeas.wpd

24

25

26

ORDER ~ 6